UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: VIRGINIA L. MARQUEZ, No. 7-12-11773 JA

Debtor.

VIRGINIA L. MARQUEZ,

Plaintiff,

v. Adversary No. 12-1194 J

ADP, INC. a/k/a AUTOMATED DATA
PROCESSING, INC.; ADP WAGE GARNISHMENT
SERVICE, a/k/a ADP GARNISHMENT SERVICES,
An unknown entity; ADP TAX SERVICES, INC.,
CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS;
VERIZON WIRELESS SERVICES LLC; VSO
PAYROLL SERVICES, an entity of unknown form;
ALLAN HOLMQUIST; NORBERT E. POHL, and
DOES 1 – 10,

Defendants.

## MEMORANDUM OPINION

THIS MATTER is before the Court on the following motions: 1) Defendants Cellco Partnership d/b/a Verizon Wireless, Verizon Wireless Services, LLC, and VSO Payroll Services' Motion to Dismiss ("Verizon's Motion to Dismiss")(Docket No. 59); and 2) ADP Defendants' Motion to Dismiss Amended Complaint with Prejudice ("ADP's Motion to Dismiss")(Docket No. 58).[1] Plaintiff initiated this adversary proceeding by filing a Complaint for Turnover of Property and Damages, seeking turnover of wages garnished prior to the filing of Plaintiff's

---

[1] Cellco Partnership d/b/a Verizon Wireless, Verizon Wireless Services, LLC and VSO Payroll Services (collectively, "Verizon Wireless") filed a brief in support of its Motion to Dismiss (Docket No. 60), Plaintiff filed a response (Docket No.71) and Verizon Wireless filed a reply (Docket No. 75). Plaintiff also filed a response to ADP's Motion to Dismiss, and ADP, Inc. a/k/a Automatic Data Processing, Inc., ADP Wage Garnishment Service, a/k/a ADP Garnishment Services, an unknown entity, and ADP Tax Services, Inc. (collectively, the "ADP Defendants") filed a reply (Docket No. 76).

bankruptcy case that were retained post-petition. *See* Docket No. 1. Plaintiff filed an Amended Complaint for Turnover of Property, Violation of the Automatic Stay, Damages, Attorney's Fees & Costs, Punitive Damages and Sanctions ("Amended Complaint") on September 6, 2012. *See* Docket No. 51. ADP's Motion to Dismiss and Verizon's Motion to Dismiss seek dismissal of the Amended Complaint.[2]

The Court has carefully reviewed all of the submissions. Because the Court finds that Plaintiff lacks standing to assert claims for turnover and for violation of the automatic stay, Plaintiff's claims fail as a matter of law. ADP's Motion to Dismiss and Verizon's Motion to Dismiss will be granted.

DISCUSSION

Applicable Standards

A motion to dismiss for failure to state a claim is governed by Rule 12(b)(6), Fed.R.Civ.P, made applicable to adversary proceedings by Rule 7012, Fed.R.Bankr.P. The purpose of a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir.1994). In evaluating a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well pleaded facts and evaluates those facts in the light most favorable to the plaintiff. *Rosenfield v. HSBC Bank, USA,* 681 F.3d 1172, 1178 (10th Cir. 2012). To survive a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P., the complaint must contain enough facts to state a cause of action that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

---

[2] Plaintiff recently filed a Motion for Leave to Amend Complaint (Docket No. 81). The Motion for Leave to Amend Complaint asserts that Plaintiff should be allowed to amend the complaint for a second time so that additional parties can be named as proper parties to this action. *Id.* The Court will address the Motion for Leave to Amend Complaint by separate order.

2

1991)). Where a party's claim fails due to a lack of standing to assert the claim, such failure constitutes a jurisdictional defect more properly addressed under Fed.R.Civ.P. 12(b)(1). *See Colo. Envtl. Coal. v. Wenker,* 353 F.3d 1221, 1227 (10th Cir. 2004)(reviewing order dismissing case for lack of standing under Rule 12(b)(1) rather than Rule 12(b)(6) because lack of standing is jurisdictional). Further, if a party's lack of standing raises questions of subject matter jurisdiction, the Court can raise the issue *sua sponte. See Rector v. City and Cnty. of Denver,* 348 F.3d 935, 942 (10th Cir. 2003)(observing that standing "raises jurisdictional questions" that the court is required to consider *sua sponte*).[3]

Factual Allegations

Plaintiff's alleged causes of action arise from pre-petition garnishment of her wages. The Amended Complaint includes the following allegations:

1. Verizon Wireless is Plaintiff's employer. *See* Amended Complaint, ¶ 6.

2. In June of 2011, Defendants Allan Holmquist and Norbert E. Pohl each served a writ of garnishment on Verizon Wireless. *See* Amended Complaint, ¶¶ 19 and 21. As a result, Verizon Wireless directed or caused the ADP Defendants to garnish Plaintiff's wages. *Id.*

3. A total of $523.97 was withheld from Plaintiff's wages as a result of the writ of garnishment served by Defendant Norbert Pohl. *See* Amended Complaint, ¶ 21.

4. A total of $5,540.43 was withheld from Plaintiff's wages as a result of the writ of garnishment served by Defendant Allan Holmquist. *See* Amended Complaint ¶ 20.

5. Plaintiff filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 3, 2012. *See* Amended Complaint, ¶ 16.

---

[3]*See also, Hill v. Vanderbilt Capital Advisors, LLC,* __ F.3d __, 2012 WL 6700469, *4 and *5 (10th Cir. Dec. 27, 2012)(acknowledging that the Tenth Circuit "has repeatedly characterized standing as an element of subject matter jurisdiction" and concluding "that a dismissal for lack of standing can be at least colorably characterized as a dismissal for lack of subject matter jurisdiction."

6. At the time that Plaintiff filed her bankruptcy petition, the ADP Defendants held a total of $6,064.40 (the "Garnished Funds") that had been garnished from Plaintiff's paychecks prior to the filing of Plaintiff's bankruptcy petition. *See* Amended Complaint, ¶ 23.

7. Plaintiff notified Verizon Wireless and ADP of the filing of her bankruptcy petition. *See* Amended Complaint, ¶ 17.

8. Plaintiff claimed an exemption in the Garnished Funds. *See* Amended Complaint, ¶ 36.

9. This Court denied the ADP Defendants' objection to the Debtors claim of exemption in the Garnished Funds on July 13, 2012. *See* Amended Complaint, ¶ 41.

10. On or about the same date, the Court entered a Default Judgment against Defendant Norbert Pohl and ordered the ADP Defendants to turnover the Garnished Funds in the amount of $523.97 to Plaintiff. *See* Amended Complaint, ¶ 43.[4]

11. On or about August 16, 2012, the Court entered a Default Judgment against Defendant Allan Holmquist and ordered the ADP Defendants to return the Garnished Funds in the amount of $5,540.43 to Plaintiff. *See* Amended Complaint, ¶ 45.[5]

Plaintiff did not include the following allegations in the Amended Complaint:

1. The Amended Complaint contains no allegation of any claim by the Verizon Wireless or the ADP Defendants against the Plaintiff.

2. The Amended Complaint contains no allegation of a failure to comply with orders requiring Verizon Wireless and the ADP Defendants to release the Garnished Funds to Plaintiff.

---

[4] The docket in this Adversary Proceeding reflects that the Default Judgment against Defendant Norbert Pohl was entered on July 25, 2012. *See* Docket No. 20.

[5] The docket in this Adversary Proceeding reflects that the Default Judgment against Defendant Allan Holmquist was entered on August 21, 2012. *See* Docket No. 43.

4

3. The Amended Complaint contains no allegation that the Verizon Wireless or the ADP Defendants created a risk that the Garnished Funds would be unavailable to Plaintiff upon the allowance of Plaintiff's claim of exemption.

Turnover under 11 U.S.C. § 542

Pursuant to 11 U.S.C. § 542(a), any entity holding property of the bankruptcy estate is obligated to deliver such property to the trustee. 11 U.S.C. § 542(a).[6] "By its terms, § 542 requires turnover only to the trustee." *In re Paige,* 685 F.3d 1160, 1191 (10th Cir. 2012)(citing *In re Ice Cream Liquidation, Inc.,* 319 B.R. 324, 333 (Bankr.D.Conn. 2005)). For this reason, Chapter 7 debtors generally have no standing to assert a claim for turnover under 11 U.S.C. § 542. *See, e.g., In re Freeman,* 331 B.R. 327, 329 (Bankr.N.D.Ohio. 2005)(observing that "a Chapter 7 debtor generally has no standing to bring an action for turnover."); *In re Price,* 173 B.R. 434, 440 (Bankr.N.D.Ga. 1994)(finding that Chapter 7 debtor lacked standing to assert a claim for turnover because she had no claim to the funds separate from the claim of the trustee). *See also, Society Bank, N.A. v. Sinder (In re Sinder),* 102 B.R. 978, 982 (Bankr.S.D.Ohio 1989)(stating that "[t]he Bankruptcy Code by clear and specific language vests the power to bring actions pursuant to these sections [including § 542(a)] in the bankruptcy trustee[,]" and observing further that "[c]ourts have . . . foreclosed attempts by other parties to share, or appropriate to themselves, these statutorily conferred powers of a bankruptcy trustee.")(citations

---

[6]Section 542(a) provides:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a).

Neither subsection (c) nor (d) is applicable to the facts alleged in the Amended Complaint.

5

omitted). Only the Chapter 7 Trustee may assert a claim on behalf of the bankruptcy estate to recover estate property under 11 U.S.C. § 542. *Cf. Price,* 173 B.R. at 441 (reasoning that because the proceeds subject to turnover under 11 U.S.C. § 542 must be property of the bankruptcy estate, the trustee is the real party in interest to assert the claim). Because 11 U.S.C. § 542(a) requires delivery of property of the estate to the trustee, and not to the debtor, Plaintiff lacks standing to assert a claim for turnover notwithstanding the fact that the property is property that the Plaintiff may claim as exempt. *See* 11 U.S.C. § 542(a)(applicable to property "that the debtor may exempt").

In any event, the Default Judgments entered against Defendants Norbert Pohl and Allan Holmquist, directed the ADP Defendants to return the Garnished Funds to Plaintiff. *See* Docket Nos. 43 and   Plaintiff conceded in her response that she has now received the Garnished Funds, though she continues to assert that the delay caused her harm. *See* Docket No. 70, p. 13 and Docket No. 71, p. 13. Based on the foregoing, the Court concludes that Plaintiff's claim for turnover will be dismissed. Plaintiff lacked standing to assert the claim. Further, Plaintiff's claim for turnover has been rendered moot by the return of the Garnished Funds.[7]

<u>Stay Violations under 11 U.S.C. § 362(a)</u>

Plaintiff asserts that the failure to return the prepetition Garnished Funds to Plaintiff constitutes a violation of the automatic stay under 11 U.S.C. § 362(a). Again, because Plaintiff

---

[7]The Court's prior Order Resulting From Status Conference, Presentment Hearing, and Final Hearing on ADP, Inc.'s Motion to Deposit Funds ("Order")(Docket No. 47) included the following ruling:
> ADP, Inc.'s Motion to Dismiss (Docket No. 6) is GRANTED as to any claims Plaintiff has made against it for turnover or avoidable preferences. This ruling is not a ruling on the merits, but a ruling that those claims are now moot, and is without prejudice to any claims Plaintiff has asserted or may assert for violation of the automatic stay.

Order, p. 1. The Order also granted Plaintiff leave to file the Amended Complaint to add a claim for violation of the automatic stay against additional defendants, and to amend her claim for violation of the automatic stay contained in the original complaint. *Id.*

6

lacks standing to assert a claim for violation of the automatic stay, her claim must be dismissed. In *In re Bucchino,* 439 B.R. 761 (Bankr.D.N.M. 2010), *aff'd,* No. 35 2:10-cv-01177 (D.N.M. Sept. 14, 2011) this Court held that the debtors lacked standing to assert a claim for willful violation of the automatic stay against a bank that froze the debtors' bank account upon the filing of the debtors' Chapter 7 case. The Court reasoned that the debtors could not demonstrate an invasion of a legally protected interest because the only interest the debtors had in the bank account was their claim of exemption. *See Bucchino,* 439 B.R. at 772-773 (explaining that "[a] debtor has no right to spend funds that belong to the [bankruptcy] estate even if subject to a claim of exemption[,]" and concluding that the debtors had no standing to assert a claim for willful violation of the automatic stay under 11 U.S.C. § 362(k)). By placing an administrative hold on the debtors' bank account, the bank did not interfere with the debtors' exemption rights because the debtors had no right to access the funds on deposit in the account until their exemption was allowed; the bank account remained property of the bankruptcy estate. *Id.* at 771 – 772. In *Bucchino,* there was no allegation that the bank's action put the debtors at risk that the funds would be unavailable to them if and when their claim of exemption was allowed. *Id.* at 772.

Similarly, in this case Plaintiff claimed an exemption in the Garnished Funds. But her claim of exemption is insufficient to confer standing to assert a violation of the automatic stay, at least absent a claim that the Defendants put at risk the availability of the Garnished Funds if and when the claim of exemption was allowed. *See In re Cook,* __ B.R. __, 2012 WL 1356490, *8 (10th Cir. BAP Apr. 19, 2012)(Table)(agreeing that "a mere claim of exemption does not confer standing.").

In addition, a writ of garnishment creates a lien on the garnished funds. *See Behles v. Ellermeyer (In re Lucas),* 107 B.R. 332, 335 (Bankr.D.N.M. 1989)(explaining that, under New Mexico law, "a writ of garnishment attaches the property upon service of the writ, creating a priority status senior to any other writ which is served at a later date. . . . service of the writ of garnishment creates a lien on the property attached . . . ")(citations omitted). During the period that the Garnished Funds were subject to a valid lien, Plaintiff had no right to use the Garnished Funds and could not suffer any damages. In the Amended Complaint, the Plaintiff alleges that when the Court entered orders invalidating the garnishment liens by default, the Court also ordered that the funds be paid to Plaintiff. There is no allegation that the Defendants violated the orders.

Finally, upon the allowance of Plaintiff's claimed exemption, the Garnished Funds no longer constituted property of the estate. *See Owen v. Owen,* 500 U.S. 305, 308, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991)("An exemption is an interest withdrawn from the estate . . . for the benefit of the debtor."); *Bucchino,* 439 B.R. at 770 ("Upon allowance of a debtor's claim of exemption, exempt property . . . revests in the debtor and is consequently excluded from the bankruptcy estate.")(citations omitted). None of the automatic stay provisions upon which Plaintiff relies to assert her claim for violation of the automatic stay concern actions against property of the debtor, where such actions are not taken to collect a claim against the debtor.[8]

---

[8]The Amended Complaint references 11 U.S.C. § 362(a)(1), (2), (3) and (6). Those sections provide:
   . . . a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of—
- (1) the commencement or continuation, including the issuance or employment of process, of a judicial administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
- (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
- (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate

8

Case 12-01194-j    Doc 93    Filed 01/04/13    Entered 01/04/13 13:54:23 Page 8 of 11

And because neither Verizon Wireless nor the ADP Defendants have a claim against the Plaintiff, they could not have taken any actions against Plaintiff's property in an effort to collect such a claim. Consequently, even if Plaintiff were to gain standing upon the allowance of her claim of exemption in the Garnished Funds, upon the allowance of the exemption the Garnished Funds no longer constituted property of the estate subject to the provisions of the automatic stay.[9]

Based on the foregoing, the Court finds that Plaintiff lacks standing to assert a claim for violation of the automatic stay against Verizon Wireless or the ADP Defendants premised on the failure to turnover the Garnished Funds until after the entry of the Default Judgments directing the ADP Defendants to return the Garnished Funds to Plaintiff. Plaintiff's claims for violation of the automatic stay will be dismissed.

Plaintiff's Other Claims

Plaintiff's Amended Complaint contains allegations that appear to track some of the elements of a claim for preferential transfer under 11 U.S.C. § 547.[10] *See* Amended Complaint

---

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1), (2), (3), and (6).
The Amended Complaint includes an allegation that the defendants violated the automatic stay by "continuing to exercise control over **property of the Debtor.**" *See* Amended Complaint, ¶ 67 (emphasis added). This allegation seems aimed at 11 U.S.C. § 362(a)(3). But because subsection (3) applies only to "property of the estate" once the estate property revested in the Plaintiff upon allowance of her claim of exemption, subsection (3) no longer applies.

[9]The Court is not unsympathetic to a debtor who has an immediate need to use funds the debtor has claimed as exempt that are in the possession of a third party when the bankruptcy case is filed. The debtor can minimize the time the debtor is deprived of use of the funds by seeking to shorten the time for objections to the claim of exemption in the funds. *See* Fed.R.Bankr.P. 4003(b)(specifying a 30-day period after the conclusion of the §341(a) meeting of creditors to objection to the debtor's claim of exemptions); Fed.R.Bankr.P. 9006(c)(providing that the court may shorten the objection period contained in Rule 4003(b)). In the case of garnished wages, upon allowance of an exemption against the funds and avoidance of the garnishment lien, the debtor can obtain an order directing the garnishee to pay over the funds to the debtor.

[10]Section 547 provides in relevant part:
The trustee may avoid any transfer of an interest of the debtor in property—
(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

9

¶¶ 47, 48, 49, and 50. In order for a Chapter 7 debtor to pursue a preference action under 11 U.S.C. § 547, the debtor must rely on the standing conferred on the debtor under the exemption provisions found in 11 U.S.C. § 522(h), and "prove that she could have exempted the property transferred; the trustee could have avoided the transfer under section 547; and that the trustee did not attempt to avoid the transfer." *In re White,* 258 B.R. 129, 132 (Bankr.D.N.J. 2001)(citation omitted). *See also, Suelflow v. AmBank (In re Suelflow),* 2008 WL 5157864, *1 (Bankr.D.N.M. July 28, 2008)(observing that "11 U.S.C. § 547(b) expressly confers power only on the bankruptcy trustee to recover preferential transfers" and finding that "a chapter 7 debtor may proceed under 11 U.S.C. § 547(b) only in conjunction with a debtor's exemption enforcement powers under 11 U.S.C. § 522(h)."). Because Plaintiff concedes that the Garnished Funds have now been returned, there is no need for her to pursue an action to recover a preferential transfer even though the Garnished Funds have been exempted and the trustee did not seek to avoid the transfer. In addition, the Amended Complaint fails to allege that the Garnished Funds were withheld during the 90-day preference period. *See* 11 U.S.C. § 547(b)(4)(A).

Plaintiff's remaining claims for gross negligence, negligent hiring, retention and supervision all relate to the actions Plaintiff alleges employees of the ADP Defendants and Verizon Wireless took in failing to promptly return the Garnished Funds to Plaintiff upon demand. Because these actions all relate to Plaintiff's claim for violation of the automatic stay, and because the Court has already determined that Plaintiff lacks standing to assert a claim for violation of the stay, it is appropriate to dismiss these additional claims as well. Furthermore, to

---

(3) made while the debtor was insolvent;
(4) made –
   (A) on or within 90 days before the filing of the petition[.]
11 U.S.C. § 547(b).

the extent Plaintiff's response attempts to raise additional causes of action not included in her Amended Complaint, such additional causes of action are not properly before the Court.

Based on the foregoing, the Court will dismiss the Amended Complaint. Separate orders consistent with this Memorandum Opinion will be entered.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: January 4, 2013

COPY TO:

Deborah May DeMack
Law Offices of Deborah M. DeMack
Quattro Executive Center
Attorney for Plaintiff
9400 Holly Avenue, NE, Bldg. 4
Albuquerque, NM 87122

Benjamin E. Thomas
Michelle Ostrye
Sutin, Thayer & Browne
Attorneys for ADP Defendants
PO Box 1945
Albuquerque, NM 87103

Chris W. Pierce
Hunt & Davis, P.C.
Attorney for Verizon Wireless
2632 Mesilla St. NE
Albuquerque, NM 87110

Michael F. Holbein
Jonathan H. Azoff
Arnall Golden Gregory LLP
Attorneys for Verizon Wireless
171 17th St NW Ste 2100
Atlanta, GA 30363-1031